532 So.2d 95 (1988)
STATE of Florida, Appellant,
v.
Rhett David MARTIN, Appellee.
No. 88-0029.
District Court of Appeal of Florida, Fourth District.
October 19, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, Mardi Levey Cohen and Eddie J. Bell, Asst. Attys. Gen., West Palm Beach, for appellant.
Michael Salnick and Theodore S. Booras of Salnick & Krischer, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
The prosecution appeals suppression of cocaine and of statements to the police by appellee. We remand with direction.
With bus company permission, Officers Fahey and Lutz regularly work the West Palm Beach Greyhound bus station in plain clothes, boarding northbound busses and speaking with as many passengers as they can in the time the busses are at the station. On August 11, 1987, they were in the station when they saw a grey General Motors vehicle pull into the parking lot. Two white males debarked. They came into the station and one of them  the defendant  bought a ticket to Atlanta. Officer Fahey testified they did not behave suspiciously. Officer Fahey said he then made contact with the defendant, identifying himself as a police officer, and asking whether appellee would object to talking with him. Appellee answered no. Fahey testified he asked appellee for consent to search his luggage, telling him he could refuse the search, and appellee gave his consent. The search revealed a package of cocaine in a pocket at *96 the bottom of one of the bags. Fahey said he read appellee his Miranda rights, after which appellee admitted he was to be paid $5,000 to deliver the cocaine in Atlanta.
On cross-examination, the officer did not remember when he asked to see appellee's ticket or identification  before or after the request for consent to search and the search. He said if he saw appellee's driver's license or travel ticket he would have handed it right back. He did not use the police department's waiver of consent form, nor did he tape the statements of appellee to him. He also admitted he had at another time said the payment appellee said he was to receive was $2,000.
Appellee testified Fahey asked for and appellee produced his Georgia driver's license bearing his photograph, and his bus ticket, and Fahey retained them throughout the encounter, which both parties agree would be  if established  improper police conduct, thus the determinative issue here. He said he twice refused to consent to the search, and consented the third time only because the officer said he would be detained and a warrant obtained if he did not consent; that the officer never told him he had the right to refuse the search; and that he never felt he was free to leave. He admitted he had had two prior felony convictions.
The court said that there having been not even arguable suspicion, let alone probable cause, the search could be justified only if there was a knowing, intelligent waiver of appellee's Fourth Amendment rights and a consent to search; that the standard of proof is not preponderance of the evidence but clear and convincing proof; and that while appellee's admitted prior convictions might have given the state a preponderance of the evidence, it did not give them clear and convincing proof.
In United States v. Waksal, 709 F.2d 653, 658-59 (11th Cir.1983), it is stated that
[i]f the police, for example, do not interfere with a traveler's progress, do not summon those indicia of authority tending to cause anxiety among citizens, and delay a traveler for only a brief time, a stop could be of such limited scope and so non-coercive that it would not invoke the Fourth Amendment.
On the other hand, several factors may indicate police conduct so coercive that a reasonable person, regardless of the overt intentions of his or her will, would not feel free to ignore police questioning and simply walk away.[11] Among ... these ... are whether the police: physically block an individual's path; place implicit restraints on a citizen's freedom by retaining his or her ticket for more than a minimal amount of time or by taking the ticket over to an airline ticket counter; intimate that an investigation has focused on an individual; or indicate that a failure to respond to questioning or a request to search suggests guilt.
[11] The Supreme Court has indicated that a court must go behind a reported verbal consent to determine if consent was truly voluntary under all the circumstances, for acquiescence may not substitute for free consent. See, e.g., Bumper v. North Carolina, 391 U.S. 543, 548-49, 88 S.Ct. 1788, 1791-92, 20 L.Ed.2d 797 (1968).
(Citations omitted.) In Waksal the appellate court accepted as highly material appellant's contention that police retention of his ticket and license while interrogating him  and until after he consented to accompany them to an office  led him to believe he was not free to leave, and indicated that this cast doubt on the voluntariness of his consent to accompany the police to an office and the subsequent search. Id. at 660.
In the instant case, the trial court made no finding as to the legality of the police conduct; yet it applied the clear and convincing standard to the question of voluntariness of appellee's consent to the search. It was incumbent upon the trial court to determine whether the police retained appellee's driver's license and ticket throughout the encounter or promptly returned them to appellee. The former conduct could transform an encounter to a seizure if appellee's freedom was thereby restrained. United States v. Puglisi, 723 F.2d 779, 783, (11th Cir.1984); United States v. Berry, 670 F.2d 583, 597 (5th Cir.1982) (en banc).
*97 While the clear and convincing standard applies when the question of voluntariness of consent to a search arises following improper police activity, if police conduct is lawful and proper prior to alleged voluntary consent, the test is one of preponderance of the evidence. On remand, the trial court is directed to determine if the former or the latter occurred and then to apply the proper evidentiary standard.
Because both parties have had their opportunity to present their cases before the trial court, this decision contemplates that on remand the trial court make this determination and apply the appropriate evidentiary standard on the existing record.
DOWNEY, J., and WETHERINGTON, GERALD T., Associate Judge, concur.