539 So.2d 484 (1988)
Milton GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2081.
District Court of Appeal of Florida, First District.
October 18, 1988.
On Rehearing December 28, 1988.
Michael E. Allen, Public Defender, Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
AFFIRMED.
SMITH, C.J., and MILLS and NIMMONS, JJ., concur.

OPINION ON REHEARING
SMITH, Chief Judge.
This cause was affirmed "Per Curiam" without opinion on October 18, 1988. In his motion for rehearing, appellant concedes that one of the points raised in his appeal has been determined adversely to him by the Florida Supreme Court's decision in Poore v. State, 531 So.2d 161 (Fla. 1988).
In his other point on appeal, appellant argued, and reasserts here, that upon being sentenced for violation of his probation he was entitled to credit for time served on his original sentence, including all gain time credit earned while incarcerated. Appellant urges our reconsideration of our rejection of this latter contention regarding gain time credit, and insists that our decision is in "direct conflict" with Stearns v. State, 498 So.2d 982 (Fla. 2d DCA 1986), said to be on "all fours" with this case, and in conflict also with North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1962), and other cases.
Appellant pled nolo contendere to two counts of attempted sexual battery and received a split sentence of four and one-half years in state prison, followed by three years probation. He received credit for 287 days served in jail before sentencing. He was in custody of the Department of Corrections for 518 days, during which time he earned gain time credit and was released from custody as having completed his four and one-half year sentence. His probation was later revoked for violation and he was sentenced to seven years in prison, with credit for 805 days (518 days in custody of DOC plus his jail time of 287 days served before sentencing). Appellant's contention is that he was entitled to credit for four and one-half years for his time in the state prison since DOC viewed him as having served a four and one-half year sentence.
Stearns v. State, and the case upon which it relies, Milligan v. State, 207 So.2d 24 (Fla. 2d DCA 1968), follow the rule that any time a defendant serves a void judgment and sentence, he should receive credit *485 for the time he served under the void sentence, along with any gain time which he earned while incarcerated. See 14 Fla.Jur.2d, Criminal Law § 334.[1] While the case before us does not involve resentencing after a sentence has been declared void or invalid, the circumstances are somewhat analogous in that, upon revocation of probation, the original sentence is set aside and a new sentence is imposed. Upon further consideration, we find that there is merit in appellant's contention that the same rule should apply to permit appellant to receive credit for his earned gain time.
The right to earn gain time is governed by § 944.275, Florida Statutes, which authorizes the Department of Corrections (DOC) to grant deductions from sentences in the form of gain time. The awarding of statutory gain time is solely a function of the DOC, and the trial court is without authority to prevent such award or order its waiver. See Curry v. Wainwright, 422 So.2d 1029 (Fla. 1st DCA 1982); Hall v. State, 493 So.2d 93 (Fla. 2d DCA 1986).
The forfeiture of gain time is governed by § 944.28, Florida Statutes. Subsection (1) of that statute permits the DOC to declare an automatic forfeiture of gain time if a prisoner is convicted of escape or has his parole revoked. There is, however, no corresponding statutory authority for forfeiture of a probationer's gain time, earned while the probationer served the incarcerative portion of a split sentence, when the probationer violates the probationary portion of his split sentence. Thus, the statutes give the circuit court no authority to declare a forfeiture. This can be done, if at all, by the DOC; and even the DOC's power ceases upon a defendant's release from incarceration. Shupe v. State, 516 So.2d 73 (Fla. 5th DCA 1987); and Causey v. State, 504 So.2d 34 (Fla. 1st DCA 1987).
In Franklin v. State, 526 So.2d 159, 163-4 (Fla. 5th DCA 1988) the court held that a defendant may be sentenced to a term of incarceration to be followed by a period of probation; and if the probation is violated after the term of incarceration has been completed, the defendant may nonetheless be resentenced to any term which could have originally been imposed without violating the double jeopardy clause; provided, however, that the court must give full credit for the prior incarceration. The Supreme Court followed Franklin in its recent Poore decision.
As we interpret the statutes and the court decisions thus far brought to our attention, the trial court was in error in failing to accord to appellant the benefit of his earned gain time to apply as credit against the new sentence imposed for probation violation.
Accordingly, this cause is REVERSED AND REMANDED to the trial court for proceedings consistent with this opinion.
MILLS and NIMMONS, JJ., concur.
NOTES
[1] North Carolina v. Pearce, upon which appellant relies, similarly involved a conviction and sentence which was set aside, a new trial, and a subsequent conviction and sentence.