552 So.2d 203 (1989)
John Andrew CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-911.
District Court of Appeal of Florida, First District.
June 6, 1989.
Michael E. Allen, Public Defender; Maria Ines Suber, Kathleen Stover, Asst. Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen.; John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellant's Motion for Rehearing is granted in part. The opinion dated April 14, 1989 is withdrawn and the following opinion is substituted therefor.
Appellant John Andrew Carter was sentenced in 1985 to five years incarceration followed by ten years probation on a charge of lewd and lascivious assault. Shortly after being released from incarceration in December 1987 due to gain-time, appellant was charged with and convicted of battery. Probation was subsequently revoked. Appellant was then sentenced to ten years incarceration followed by five years probation, and given 923 days of credit, representing both the actual time served on the original five year term of incarceration and credit for time spent in jail following his arrest for battery. He now appeals raising three issues: (1) whether the sentence imposed by the trial court upon appellant's violation of probation constituted a violation of double jeopardy; (2) whether the trial court erred in failing to give appellant credit for the entire term of his original sentence; and (3) whether the trial court erred in imposing court costs without affording appellant notice and an opportunity to object.
As to the first issue, we affirm the trial court's imposition of sentence after appellant's violation of probation. Since appellant was originally given a "probationary split sentence" (a period of confinement, none of which is suspended, followed by a period of probation), his new sentence does not constitute a violation of double jeopardy. Poore v. State, 531 So.2d 161 (Fla. 1988). We reverse on the second issue, however, finding that the trial court erred in granting credit only for the time *204 appellant actually served on the original 5-year sentence. Based on this court's recent opinion in Green v. State, 539 So.2d 484 (Fla. 1st DCA 1989), appellant should have been granted full credit for the entire 5-year sentence, including his earned gain-time. In so holding, we note that Green is currently pending before the Florida Supreme Court. We therefore certify the issue involved in the instant case and in Green, whether a defendant is entitled to credit for earned gain-time where a new sentence is imposed for violation of probation, as one of great public importance. We also reverse the trial court's imposition of costs pursuant to sections 960.20 and 943.25(4), F.S., as it appears that appellant was not given the notice and opportunity to object required by Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Accordingly, we affirm in part, reverse, and remand for the trial court to recalculate credit in accordance with this opinion and to give appellant the requisite notice and opportunity to object before imposing costs.
BARFIELD, J., concurs, with an opinion.
ZEHMER, J., specially concurs, with an opinion.
BARFIELD, Judge, concurring:
I concur in the result only because the decision in Green v. State, 539 So.2d 484 (Fla. 1st DCA 1989), is pending in the supreme court. Otherwise, I would ask this court to recede from Green.
In Poore v. State, 531 So.2d 161 (Fla. 1988), the supreme court made it abundantly clear that a "probationary split sentence" is an authorized sentence and is something different from a "true split sentence." This "probationary split sentence" is not authorized by section 921.187, Florida Statutes (1987), the only legislative authority for a split sentence, and the court's opinion in Poore makes no mention of that statute. Nevertheless, we are bound by the court's opinion in Poore to consider the "probationary split sentence" as an authorized sentence, different from a "true split sentence." It is reasonably assumed that the court must have been speaking of a split sentence as defined in section 921.187(1)(g) when it described a "true split sentence." Against this background, the decision in Green cannot stand.
The practical effect of Green is to convert a "probationary split sentence" to a "true split sentence" in which the original term of confinement is always the maximum allowed by statute. In other words, in originally specifying a period of confinement, the trial court contemplates a longer period of incarceration, the upper end of which it does not disclose to the defendant, and suspends all undisclosed portions thereof during the period of probation. Such a construction would allow credit for the original confinement against the term of confinement upon recommitment, and would support Poore's finding of constitutionality, but would conflict with the supreme court's declaration that a "probationary split sentence" is different from a "true split sentence."
Green's statement that the granting and forfeiture of gain time is governed by statute and is solely within the control of the Department of Corrections is correct, but I disagree with the remainder of the opinion. Since the trial court was dealing with a "probationary split sentence," it must have been concerned only with imposing a new confinement, the previous confinement having been completed upon the earlier release from prison. This would make the "probationary split sentence" different from the "true split sentence." Whether this is the difference the supreme court had in mind remains one of the mysteries of Poore.
The supreme court has yet to give the courts any direction on how to apply the "probationary split sentence" created by Poore, but since it is in addition to those forms of alternative disposition provided in section 921.187(1), Florida Statutes, we must look for characteristics unique to this form of disposition. Identifiable characteristics present in this case are that the defendant was sentenced to a definite term of incarceration, that he served the full term, that he was released in accordance with the statutes and regulations governing gain *205 time, and that he can never again go to jail for a portion of that sentence. He has now been given a "new" ten year period of incarceration, which under Poore does not violate the double jeopardy clause of the Constitution. This sentence is for the original offense, for which he has already served five years, but there is nothing in Poore which indicates that this "new" sentence is a substitution for the original five year sentence.
It appears to me that the sentence imposed was intended to begin anew and continue for a period of ten years. I agree that it would be inconsistent to give the defendant 923 days of credit on a new sentence without also giving credit for all of the earned good time during the first five year period that was served. I do not believe the defendant is entitled to any credit against his ten year sentence, but the State has not cross-appealed that issue. It is my opinion that, if the sentence is legal, it is for a new period of ten years which is within the original statutory maximum. However, I would encourage the supreme court to revisit Poore and to abandon its notion of a "probationary split sentence," since such a sentence is not authorized by statute.
ZEHMER, Judge (Specially concurring).
I concur in the disposition of this case made in Judge Shivers's opinion and write only to point out certain problems with the statutory authority for the form of sentence imposed in this case.
Affirmance of the imposition of the ten-year sentence after appellant's violation of probation is clearly mandated by the supreme court's decision in Poore v. State, 531 So. 161 (Fla. 1988). The original sentence imposed upon conviction in this case (incarceration for five years to be followed by probation for ten years) is what the supreme court characterized in that opinion as a category 3 "probationary split sentence" ("a period of confinement, none of which is suspended, followed by a period of probation"). 531 So.2d at 164. I agree to affirmance in this case only because we must follow the directive in Poore that upon violation of probation under this alternative, "section 948.06(1) and Pearce [North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)] permit the sentencing judge to impose any sentence he or she originally might have imposed, with credit for time served and subject to the guidelines recommendation." Ibid. To me this means that we are not free to find any double jeopardy problems with the imposition of the sentence in this case.
The appealed issue in this case stems from the offender's successful completion of his sentence to imprisonment for five years before he violated the conditions of probation. As Judge Barfield has pointed out in his concurring opinion, section 921.187, Florida Statutes, sets forth the statutory authority for the disposition and sentencing alternatives available in criminal cases, yet the supreme court's opinion in Poore makes no mention of this statute in characterizing the five sentencing alternatives available to the courts. Nothing in section 921.187 authorizes the court to sentence an offender to imprisonment for a specified term and, after completing service of the full term of imprisonment, to serve an additional period of probation. The only statutorily authorized basis for imposing a so-called "split sentence" is set forth in subsection 921.187(1)(g), which specifies a "true split sentence" as defined in category 2 of the Poore decision ("consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion"). Ibid. Therefore, like Judge Barfield, I question the validity of appellant's original sentence under the statute in view of the failure of the opinion in Poore even to mention this important section of the statute. Perhaps the supreme court can more fully explicate the statutory authority for the category 3 "probationary split sentence" alternative described in Poore when properly afforded the opportunity for doing so in an appropriate case.