553 So.2d 312 (1989)
Albert MELVIN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-818.
District Court of Appeal of Florida, First District.
December 1, 1989.
*313 Michael E. Allen, Public Defender; Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
This is a direct appeal by the appellant from judgments and sentences totalling 8 1/2 years imprisonment (6 years on each of two counts, to run concurrent with each other, and 30 months on the third count, to run consecutive to the first two counts). He had violated probation which he was serving in connection with a probationary split sentence previously imposed. The trial court revoked the probation and imposed the 8 1/2 year sentences.
First, appellant claims that the probationary split sentence[1] earlier imposed was illegal because that type of sentence is not a properly authorized sentence. This issue has already been decided adversely to appellant's position. Poore v. State, 531 So.2d 161 (Fla. 1988); Carter v. State, 552 So.2d 203 (Fla. 1st DCA 1989).
Next, appellant asserts that the trial court erred in imposing a sentence which exceeded the maximum guidelines sentence of 4 1/2 years, the outer range of the "bumped-up" cell. The state concedes that such departure was impermissible under Lambert v. State, 545 So.2d 838 (Fla. 1989) and that the defendant is entitled to resentencing to a total term of no more than 4 1/2 years.
Finally, the trial court, in imposing the subject sentences upon revocation, failed to include in the credit for jail time already served the statutory gain-time which had been awarded to appellant in connection with the incarcerative portion of his earlier sentences. As appellant contends, and as the state concedes, this is error under State v. Green, 547 So.2d 925 (Fla. 1989). However, the state contends that the Green holding should be construed "as applying only to incentive gain-time." We disagree.
While Green does refer to gain-time as something which is earned by the defendant through good behavior, and makes reference to "earned gain-time," there is no basis for limiting the decision as the state urges. Section 944.275, Florida Statutes (1987), entitled "gain-time," deals with all forms of gain-time except administrative gain-time, which was addressed by Section 944.276 (1987) (repealed effective July 1, 1988) and which was mechanically applied to reduce prison overcrowding. Pursuant to Section 944.277 (Supp. 1988), administrative gain-time has been replaced by "provisional credits," which is much the same thing.
In Green, the Supreme Court held that "denial of credit for gain-time already accrued was essentially a retroactive forfeiture of gain-time[,]" and that "revocation of probation is not a circumstance that may be used to justify the forfeiture of statutory gain-time." Id. at 926. The Supreme Court also quoted this court to the effect that "[t]he awarding of statutory gain time is solely a function of the [department], and the trial court is without authority to prevent such award or order its waiver." Id. at 926-927, quoting Green v. State, 539 So.2d 484, 485 (Fla. 1st DCA 1988). The Supreme Court went on to state:

*314 The statute places in the hands of the department the ability to award, forfeit, or restore gain-time. There is no statutory authority for the court to initiate the forfeiture of gain-time by denying credit for accrued gain-time at resentencing.
547 So.2d at 927.
Green is, therefore, based upon the Supreme Court's conclusion that the trial court has no authority to retroactively revoke gain-time, and there is no basis for making an exception for some types of gain-time and not others.
We reverse and remand for resentencing within the guidelines range and with appropriate credit for gain-time in conformance with this opinion.
SHIVERS, C.J. and ERVIN, J., concur.
NOTES
[1] By this, we mean a sentence in which the court imposes a period of incarceration followed by a probationary term.