553 So.2d 169 (1989)
STATE of Florida, Petitioner,
v.
John A. CARTER, Respondent.
No. 74336.
Supreme Court of Florida.
December 7, 1989.
*170 Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
EHRLICH, Chief Justice.
We have for review Carter v. State, 552 So.2d 203 (Fla. 1st DCA 1989) (on rehearing), in which the First District Court of Appeal certified the following as a question of great public importance:
[W]hether a defendant is entitled to credit for earned gain-time where a new sentence is imposed for violation of probation.
Id., slip op. at 204. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In 1985, respondent Carter was convicted of lewd and lascivious assault and sentenced to five years' incarceration followed by ten years' probation.[1] Carter was released in 1987 due to accrued gain-time. Shortly thereafter, Carter was charged with and convicted of battery. His probation was revoked, and he was sentenced to ten years' incarceration followed by five years' probation, and was given 923 days' credit for time served, representing both the actual time spent in prison on the original five-year sentence and time spent in jail following his arrest for battery. Carter requested, but was denied, credit for gain-time earned during his first term of incarceration. The First District Court of Appeal reversed on the authority of Green v. State, 539 So.2d 484 (Fla. 1st DCA 1989).
We recently approved the First District Court's decision in Green. State v. Green, 547 So.2d 925 (Fla. 1989). In that case, we held that a defendant "is entitled to include earned gain-time when computing time served to credit against the sentence imposed after revocation of probation which is part of a probationary split sentence."[2]Id. at 927. Therefore, we answer the certified question in this case in the affirmative, and approve the decision of the district court below.
It is so ordered.
OVERTON, BARKETT and KOGAN, JJ., concur.
McDONALD, SHAW and GRIMES, JJ., dissent.
NOTES
[1] This is a valid probationary split sentence under this Court's decision in Poore v. State, 531 So.2d 161 (Fla. 1988).
[2] We note that the legislature recently amended sections 944.28 and 948.06, Florida Statutes, to add revocation of probation to the list of circumstances justifying forfeiture of gain-time. Ch. 89-526, §§ 6, 8, Laws of Fla. However, both of these amendments become effective September 1, 1990, id. section 52, and are not applicable to this case.