ZEHMER, Judge.
Defendant James Henry Moore appeals his sentence for violation of probation, raising three issues on appeal.
First, defendant contends the probationary split sentence ordered by the court is not authorized by statute and is therefore illegal. We disagree and affirm. Franklin v. State, 545 So.2d 851 (Fla.1989); Poore v. State, 531 So.2d 161 (Fla.1988); Melvin v. State, 553 So.2d 312 (Fla. 1st DCA 1989); Carter v. State, 552 So.2d 203 (Fla. 1st DCA 1989).
Second, defendant contends that a sentence for violation of probation in excess of the one-cell automatic bump-up is not authorized under the sentencing guidelines. He concedes that the 3½ year period of imprisonment for this, his first violation of probation, is not a departure sentence under the law, but he contends that, since the 372-year period of incarceration is the maximum allowed under Lambert v. State, 545 So.2d 838 (Fla.1989), the 5-year period of probation after serving the imprisonment is an unauthorized excessive sentence because a further violation of probation could result in the imposition of further imprisonment in excess of the 372 years. We find this reasoning specious. Probation is not limited to the guideline sentence. See section 948.01(1), Florida Statutes (1988); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). We will not speculate on what might happen if appellant should again violate his probation in the future. Therefore, we affirm on the authority of Franklin v. State, 545 So.2d 851 (Fla.1989), and Lambert v. State, supra.
Third, defendant contends the trial court erred as a matter of law in not granting credit for all gain-time earned during his first term of incarceration, when he was resentenced to prison a second time on the same offense for violation of probation. We agree and reverse the sentence in this regard. State v. Green, 547 So.2d 925 (Fla.1989); Melvin v. State, supra.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SMITH and MINER, JJ., concur.