JOANOS, Judge.
Mitchell has appealed from judgment and sentence imposed after violation of probation. We affirm in part, reverse in part and remand with directions.
In November 1987, Mitchell received concurrent split sentences of 30 months incarceration followed by 30 months probation in Circuit Court Case Nos. 87-92 and 87-444. He completed the 30 month incarcera-tive portion of the sentences in April 1988 after actual service of 149 days, and the 30 month probationary portion commenced.
In July 1988, Mitchell was arrested and charged with tampering with evidence. Police officers had observed a moving car known to be Mitchell’s. The car’s windows were heavily tinted so that its driver could not be identified. Knowing that Mitchell’s license was at that time suspended, the officers stopped the car on suspicion that Mitchell was driving without a license. However, it became apparent after the stop that Mitchell had not been driving.
The officers proceeded to ask Mitchell for identification, which he denied having. Observing a bulge in Mitchell's pocket, one of the officers asked him if it was a wallet containing identification. Mitchell answered no, and withdrew a large wad of cash from the pocket. As he laid the cash on the car hood, a baggie apparently containing cocaine slid out from among the bills. Before the officers could stop him, Mitchell grabbed the baggie and swallowed it. He was thereafter arrested on the tampering charge.
Based on the July 1988 arrest, affidavits of violation of probation were filed in Case Nos. 87-92 and 87-444. During the hearing thereon, at which the foregoing facts were adduced, the defense moved to suppress the fruits of the vehicle stop, arguing that it had been illegal. The trial court denied the motion, finding that the stop was based on a reasonable suspicion that Mitchell was driving without a license. The court further found that no search of Mitchell’s person had occurred subsequent to the stop, in that he voluntarily produced the cash from which the baggie slipped into the officers’ view. Mitchell’s probation was thereupon revoked, and he was sentenced to concurrent five-year terms of incarceration in Case Nos. 87-92 and 87-444.
In awarding jail time credit relative to the 30 month incarcerative portion of the November 1987 split sentences, the trial court allowed Mitchell credit only for the 149 days he had actually served. Mitchell appealed, and this court thereafter relinquished jurisdiction for consideration by the trial court of a motion to correct sentence. It was Mitchell’s contention therein that, because he had completed the incar-cerative portion of the split sentence, upon revocation of probation he was entitled to jail time credit for the entire 30 month period, i.e. time actually served plus gain time, citing Green v. State, 539 So.2d 484 (Fla. 1st DCA 1988).
However, based on the decretal language in Green that defendants should receive “the benefit of ... earned gain time to apply as credit against the new sentence imposed for probation violation,” the trial court found that Mitchell need only be given credit for incentive gain time, in that that was the only type of gain time which an inmate “earned” for good behavior. *245 The court thereupon ordered that Mitchell receive credit for “the amount of time he actually served in prison ... together with the gain time he actually earned while in prison as shall be computed by the Department of Corrections” (emphasis supplied).
Mitchell alleges first that the trial court erred in denying his motion to suppress. He contends that, even if the vehicle stop was justified by a reasonable suspicion that he was driving without a license, that justification ended when the officers determined that he had not been driving. Mitchell cites Castillo v. State, 536 So.2d 1134 (Fla. 2d DCA 1988), wherein the appellant’s car was stopped based on suspicion that he was in possession of a fictitious driver’s license. Upon determining that he was not, the officers obtained consent to search the vehicle, and contraband was discovered.
The motion to suppress was denied and the appellate court reversed, finding that any justification for detention of the vehicle “disappeared at the point when the deputy decided that defendant had not committed a crime through possession of a fictitious driver’s license,” rendering further detention illegal. Castillo at 1136. The court further found that the appellant’s consent had not cured that illegality in that “consent to a search obtained after an illegal detention may be found to have been voluntary only upon clear and convincing proof of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action.” Castillo at 1137.
Castillo casts a shadow upon the legality of the continued detention of Mitchell’s vehicle after the discovery that he had not been driving without a license. However, Castillo is distinguishable. Although the voluntariness of consent following improper police activity must be shown by clear and convincing evidence, State v. Martin, 532 So.2d 95, 97 (Fla. 4th DCA 1988), the facts of this case do not show that the revelation of the baggie apparently containing contraband was the result of a search at all. Mitchell did not consent to an official request to produce the contents of his pocket, but withdrew the money from his pocket of his own volition. Under these facts, the suppression motion was correctly denied, and we affirm on this issue.
However, we cannot agree with the trial court’s interpretation of Green, supra that only incentive gain time must be credited when sentencing a defendant after violation of probation. A defendant’s entitlement to “the benefit of earned gain time to apply as credit against the new sentence imposed for probation violation” was not based in Green on the defendant’s “good behavior” while incarcerated. Rather, because a prisoner who is released early because of gain time is considered to have completed his sentence in full, Section 944.-291, Florida Statutes (1987), State v. Green, 547 So.2d 925 (Fla.1989) (Green II), accrual of gain time is the functional equivalent of time spent in prison. Therefore, the denial of credit for that gain time is essentially a retroactive forfeiture thereof, which the courts have no statutory authority to effect. Green II at 362. See also Melvin v. State, 553 So.2d 312 (Fla. 1st DCA 1989).
Therefore, we reverse the trial court’s order limiting Mitchell’s gain time credit to incentive gain time, and remand for resen-tencing, with directions to credit Mitchell with the entire 30 month incarcerative portion of the November 1987 probationary split sentences.
BOOTH, J., concurs.
BARFIELD, J., dissents with opinion.