574 So.2d 300 (1991)
Benjamin Earl SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1085.
District Court of Appeal of Florida, Fifth District.
February 14, 1991.
James B. Gibson, Public Defender and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
The sole question on appeal is whether or not a police officer may make an investigatory stop of a vehicle after determining by a radio check that the registered owner does not possess a valid driver's license. We find that the detention is proper and affirm.
The facts are not in dispute. While patrolling a high drug activity area, a police officer recognized a car he had previously seen parked at the Orange Manor Apartments. The car was occupied by one young black male. In response to a license tag check, the officer was advised that the owner had no valid driver's license. The officer did not know the owner but stopped the vehicle to determine if the driver had a valid license. As luck would have it, the driver was not the owner but when stopped made a spontaneous statement to the effect that he did not have a driver's license. He was arrested. A search incident to that arrest resulted in the discovery of a weapon inside the car and a charge of carrying a concealed weapon against the driver. The driver (appellant), filed a motion to suppress, contending that the initial stop was invalid because the officer had no right to assume that the owner of the car was the driver. When the trial court denied his motion, appellant pled nolo contendere to the charge, reserving his right to appeal. The trial court accepted the plea and found the suppression ruling dispositive of the case. This appeal ensued.
A police officer may stop and question a person where circumstances reasonably indicate that the person has committed or is about to commit a crime. § 901.151, Fla. Stat. (1989) (Florida Stop and Frisk Law). In Stevens v. State, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978) the court explained:
Circumstances can "reasonably indicate" that a person "has committed, is committing or is about to commit" a violation of criminal laws or ordinances without necessarily indicating that high probability of guilt which is implied by the term "probable cause." State v. Payton, 344 So.2d 648 (Fla. 2d DCA 1977). To justify temporary detention, only "founded suspicion" in the mind of the detaining officer is required. Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976); State v. Othen, 300 So.2d 732 (Fla. 2d DCA 1974); State v. Ebert, 251 So.2d 38 (Fla. 2d DCA 1971). A "founded suspicion" is a suspicion *301 which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge.
In State v. Payton, 344 So.2d 648, 650 (Fla. 2d DCA 1977) the Second District further explained:
As the court said in Wilson v. Porter, 361 F.2d 412 (9th Cir.1966), while passing on the propriety of the police to stop an automobile:
"... A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot be neatly drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which a court can determine that the detention was not arbitrary or harassing."
When considering whether or not an officer had a founded suspicion that would justify an investigatory stop, this court noted:
The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common sense conclusions about human behavior; jurors as fact finders are permitted to do the same  and so are law enforcement officers.
State v. Johnson, 516 So.2d 1015, 1019 (Fla. 5th DCA 1987), approved, 561 So.2d 1139 (Fla. 1990).
The exact factual situation presented in this case has not been previously addressed by the courts. However, two districts have impliedly approved investigatory stops in instances where the police officer had some basis for his belief that the driver of the automobile might not possess a valid driver's license. See Mitchell v. State, 559 So.2d 243 (Fla. 1st DCA 1990); Castillo v. State, 536 So.2d 1134 (Fla. 2d DCA 1988).
We hold that an officer's investigatory detention of a vehicle's driver is supported by a well founded suspicion of unlawful activity when the officer first determines that the vehicle's registered owner does not possess a valid driver's license. In such an instance, the officer's conduct is not dictated by personal whim or capriciousness. The detention is neither arbitrary nor directed to any particular individual demonstrating an intention to harass that person. Compare Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Stated in the affirmative, the officer's conduct is reasonable.
AFFIRMED.
HARRIS and DIAMANTIS, JJ., concur.