604 So.2d 22 (1992)
Clinton Troy TOSCHLOG, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00948.
District Court of Appeal of Florida, Second District.
August 12, 1992.
Robert E. Jagger, Public Defender, and Dean N. Livermore, Asst. Public Defender, Dade City, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Clinton Troy Toschlog appeals the denial of his motion to correct his sentence.
On January 30, 1990, the appellant was sentenced to three years incarceration followed by one year community control and two years probation. On July 30, 1990, the appellant was released from prison, having been given credit for the full three year sentence. Approximately seven months after the appellant's release from prison, an affidavit of violation of community control was filed. On July 12, 1991, the appellant was found to have violated his community control and was sentenced to six years incarceration and given credit for time served.
The appellant filed his motion to correct sentence seeking credit from the circuit court for the full three year prison sentence. It is alleged in the motion that the Department of Corrections has given the appellant credit for only the actual time he was incarcerated.
In its consideration of the motion, the circuit court correctly determined that the appellant sought credit for his previously earned gain time pursuant to State v. Green, 547 So.2d 925 (Fla. 1989). The court found, however, that since the appellant was sentenced for a violation of his community control, section 944.28, Florida Statutes (1991), authorizes the Department of Corrections to declare a forfeiture of all earned gain time, and so denied the appellant's motion.
We find that the court erred in denying the appellant's motion. First, there is no support in the record for the court's determination that the Department of Corrections had forfeited the appellant's gain time. In fact, an affidavit inappropriately filed in this court states that the gain time was not forfeited by the Department of Corrections. Second, the 1991 amendment to section 944.28 does not retroactively apply to the appellant as his offense occurred prior to its enactment.
Accordingly, we reverse the trial court's denial of the appellant's motion to correct sentence and remand to the court for further proceedings.
CAMPBELL, A.C.J., and SCHOONOVER and BLUE, JJ., concur.