616 So.2d 1156 (1993)
L.C. BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00117.
District Court of Appeal of Florida, Second District.
April 14, 1993.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
L.C. Bradley appeals the sentences imposed upon revocation of probation because he was given credit for only the actual time he served in custody. Bradley argues that his gain time should not be forfeited because his original offenses were committed before the effective date of the amendments to sections 944.28(1) and 948.06(6), Florida Statutes (1989). We affirm.
Bradley was charged with two counts of robbery, both occurring on December 15, 1989. Bradley pleaded guilty to both charges and was sentenced to seven years' incarceration to be followed by five years' probation on each charge, to run concurrently. In order to determine whether Bradley is entitled to accrued gain time, it is necessary to review sections 948.06(6) and 944.28(1), Florida Statutes (1989) and the amendments to these sections, as well as case law interpreting the effective dates of the amendments.
Sections 948.06(6) and 944.28(1) both address forfeiture of gain time upon revocation of probation or community control. Originally, the Department of Corrections (DOC) was given the authority to forfeit gain time pursuant to section 944.28(1), Florida Statutes (1987), if the defendant was convicted of escape or if clemency or parole was revoked. In 1988, forfeiture of gain time for a violation of conditional release was added to that statute. Effective October 1, 1989,[1] section 944.28(1) was amended to permit DOC to forfeit gain time for violations of probation or community control.[2]
Effective October 1, 1989,[3] the authority to forfeit gain time when probation or community control was revoked was extended to the trial court. Section 948.06(6), Fla. Stat. (1989).[4] Effective September 1, 1990,[5] forfeiture for a violation of control release was added.[6]
Before section 948.06, Florida Statutes (1987) was amended to provide for forfeiture, the supreme court, in State v. Green, 547 So.2d 925 (Fla. 1989), noted that under section 944.28, Florida Statutes (1987), the trial court was without statutory authority to forfeit gain time upon a revocation of *1157 probation. In accordance with Green, this court, in Toschlog v. State, 604 So.2d 22 (Fla. 2d DCA 1992), reversed the trial court's denial of the defendant's motion to correct sentence because the trial court failed to give the defendant credit for gain time after his community control was revoked. This court held that Green applied and that the 1991 amendment to section 944.28 did not control because the defendant's offense occurred before the enactment. Toschlog does not refer to the date of the defendant's offense, only the date of sentencing.
Also, the Fourth District, in Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992), addressed the effective dates of the amendments to sections 948.06(6) and 944.28(1). The court correctly stated, according to the Laws of Florida, that the effective date of the amendment to section 944.28(1) is October 1, 1989. However, the court, in our opinion, incorrectly stated that the effective date of the amendment to section 948.06(6) is September 1, 1990.
Finally, the supreme court, in Carter v. State, 553 So.2d 169, 170 (Fla. 1989), reversed the lower court's denial of gain time to a defendant upon revocation of probation on the authority of Green. The offenses in Carter occurred in 1985. The supreme court in dicta noted that the recent amendments to sections 944.28 and 948.06, Florida Statutes, to add revocation of probation to the list of circumstances justifying forfeiture of gain time did not apply because neither of the amendments were effective until September 1, 1990. Carter, 553 So.2d at 170 n. 2. The supreme court cites as its authority chapter 89-526, §§ 6, 8, Laws of Florida. However, the court makes no reference to chapter 89-531, which has the effective date as October 1, 1989, and which provides for forfeiture by the trial court of gain time in cases involving revocation of probation or community control.
In this case, the state's position is supported by the Laws of Florida which clearly set forth the effective date as of October 1, 1989, for a trial court's authority to forfeit gain time for a revocation of probation. Therefore, the trial court had the authority to forfeit Bradley's gain time. We conclude that this court is not bound by the dicta in Carter, and we certify conflict with Thomas. Toschlog is not in conflict with this opinion because this court did not state specifically the effective date of the amendment to section 944.28.
Affirmed.
FRANK, A.C.J., and BLUE, J., concur.
NOTES
[1] See Ch. 89-531, § 20, Laws of Fla.
[2] See Ch. 89-531, § 6, Laws of Fla.
[3] See Ch. 89-531, § 20, Laws of Fla.
[4] See Ch. 89-531, § 13, Laws of Fla.
[5] See Ch. 89-526, § 52, Laws of Fla.
[6] See Ch. 89-526, § 8, Laws of Fla.