DANAHY, Acting Chief Judge.
Defendant challenges his sentences for second-degree robbery and felony littering. He raises three points on appeal. We agree with all three of his points and accordingly reverse and remand for resentencing.
Defendant pleaded guilty to second-degree robbery in 1989.[1] He was sentenced to two and one-half years’ prison to be followed by five years’ probation.
Defendant apparently served the two and one-half years’ prison and was released. Then, while serving the probationary portion of his sentence, he committed third-degree felony littering, a violation of his probation. He pleaded guilty to the offense and had his probation revoked. The trial court then imposed five-year concurrent terms of probation for the robbery and littering.
In 1991, defendant again violated his probation, this time for failure to pay supervision costs and testing positive for cocaine. His probation was revoked. At sentencing, the trial court imposed for the two offenses sentences that spanned the applicable statutory máximums. For the second-degree felony robbery he received five and one-half years’ prison followed by nine and one-half years’ probation. For the third-degree littering, he received five years’ probation, to be served consecutive to the incarcerative portion of the robbery sentence.
Before addressing defendant’s three points on appeal, we note that his scoresheet, filed on January 4, 1991, indicated for the second-degree robbery a recommended sentence of twelve to seventeen years and a permitted sentence of nine to twenty-two years. (Defendant had an extensive prior criminal record in New York.) However, since a guidelines sentence may not exceed the statutory *266 maximum and that maximum term is fifteen years, that fifteen-year limit controls in this case.
Defendant first argues that the trial court sentenced defendant beyond the statutory maximum because the sentence failed to take into account time he had already served on probation. The sentence itself, five and one-half years’ prison followed by nine and one-half years’ probation, adds up to the applicable statutory maximum of fifteen years. Thus, to the extent he is entitled to credit for time already served on probation, the sentence is improper. (Defendant’s third point on appeal takes up the issue of credit for time already served in prison.)
We conclude that the sentence is improper because it fails to allow credit for the time defendant already served on probation on two prior occasions, before the first and second violations of probation. See Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993) (en banc). Resentencing for proper credit under Summers is required.
Defendant next challenges his sentence for third-degree felony littering. As indicated, he received five years’ probation, the statutory maximum. However, defendant had already served some time on probation for this offense before violating his probation. Thus, we conclude that the five years’ probation is improper under Summers to the extent it fails to allow credit for the time defendant already spent on probation before violation and revocation of probation. Again, resen-tencing for proper credit under Summers is required.
Defendant lastly argues that he did not receive gain time credit for his robbery sentence. The incareerative portion of defendant’s original sentence for robbery was two and one-half years. By virtue of gain time, defendant actually only spent seventy-seven days in prison before his release. When the trial court imposed the instant sentence for the robbery upon revocation of probation, defendant was given credit for the seventy-seven days actually spent in prison, not the two and one-half years. The court apparently forfeited defendant’s gain time due to the violation of probation under section 948.06(6), Florida Statutes (1989). The question then becomes whether the court properly forfeited his gain time under the circumstances of this case. We conclude that it did not.
This court’s recent opinion in Bradley v. State, 616 So.2d 1156 (Fla. 2d DCA 1993), discusses the two relevant statutes pertaining to forfeiture of gain time, sections 944.-28(1) and 948.06(6). The former addresses the authority of the Department of Corrections to forfeit gain time; the latter addresses the trial court’s authority. Bradley noted that effective October 1, 1989, both statutes were amended to permit the Department of Corrections and trial courts respectively to forfeit gain time for violations of probation or community control. In determining whether the statutes applied, Bradley looked to the date of commission of the offense. Since the robbery in the instant case was committed on October 3, 1986, before the effective date of either statute, we conclude that under Bradley defendant’s gain time was improperly forfeited. See also Toschlog v. State, 604 So.2d 22 (Fla. 2d DCA 1992). Resentencing is therefore required.
As in Summers, we certify to the supreme court the following as a question of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TOWARD ANY NEWLY-IMPOSED TERM OF PROBATION SO THAT THE TOTAL PROBATIONARY TERM IS SUBJECT TO THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Reversed and remanded for resentencing.
THREADGILL and PATTERSON, JJ., concur.

. He also pleaded guilty to three misdemeanors at the time, but they are not at issue in this appeal.