PER CURIAM.
Eddie Torres, Jr., appeals final judgments and probation revocation orders in several circuit court cases, raising two contentions. First, he contends that, in revoking probation and imposing sentence on count II in circuit court case no. 91-2037, the court erroneously failed to allow credit for prison time he served on count I prior to violating probation as required by Tripp v. State, 622 So.2d 941 (Fla.1993). We agree and remand for modification of that sentence to allow such credit in compliance with Tripp; however, Appellant is not entitled to credit for gain time forfeited by reason of his violation of probation. See §§ 944.28(1) and 948.06(6), Fla. Stat. (1991); Bradley v. State, 616 So.2d 1156 (Fla. 2d DCA 1993).
Second, Torres contends that his habitual felony offender sentence imposed in circuit court ease no. 92-1877 should be reversed because section 775.084, Florida Statutes, denies equal protection of law; is constitutionally inequitable, irrational, vague and subject to arbitrary and capricious application; provides no due process of law; and violates the principle of separation of power. These arguments have repeatedly been rejected and are meritless. E.g., Ross v. State, 601 So.2d 1190 (Fla.1992); London v. State, 623 So.2d 527 (Fla. 1st DCA 1993); Barber v. State, 564 So.2d 1169 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla.1990).
AFFIRMED in part, REVERSED in part, and REMANDED.
ZEHMER, C.J., and ERVIN and WEBSTER, JJ., concur.