VILLANTI, Judge.
Following his conviction for resisting arrest with violence, a third-degree felony, see § 843.01, Fla. Stat. (2001), Dennis Dale Gremmels was sentenced to one year in county jail followed by five years’ probation. As the State properly concedes, because the combined sentence exceeds the five-year statutory maximum, the sentence was illegal. See § 775.082, Fla. Stat. (2001); State v. Holmes, 360 So.2d 380, 383 (Fla.1978); Baker v. State, 652 So.2d 431 (Fla. 2d DCA 1995). However, the State argues that this court need only remand with directions for the trial court to impose *1168 a Villery sentence, as the trial court’s intent was to make the county jail sentence a special condition of the five years’ probation. See Villery v. Fla. Parole & Prob. Comm’n, 396 So.2d 1107 (Fla.1980). We decline to do so for two reasons.
First, the trial court declined the opportunity to impose a Villery sentence when Gremmels filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(1)(B). Second, the record is clear that the trial court intended to impose the exact illegal sentence being appealed. We are not free to order a specific corrected sentence that is inconsistent with the trial court’s intent simply because the corrected sentence would be legal. Cf. Jackson v. State, 615 So.2d 850, 851 (Fla. 2d DCA 1993) (ordering correction of orally pronounced sentence to comport with intent, clearly established in record, of trial court and counsel for the State and defendant). We therefore reverse and remand for imposition of a lawful sentence.
Reversed and remanded.
SALCINES and DAVIS, JJ., concur.