880 So.2d 710 (2004)
Gregory HOOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-582.
District Court of Appeal of Florida, Fifth District.
April 30, 2004.
Rehearing Denied August 20, 2004.
*711 Gregory Hoover, Punta Gorda, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Gregory Hoover appeals his conviction for possession of cocaine. Because we conclude that the cocaine was found after an illegal, continued detention of Hoover, we reverse.
At the suppression hearing, police officer Marcus Bullock testified that he had been randomly checking license tags for suspended licenses or warrants. A records check revealed that the owner of the vehicle Hoover was driving had a suspended driver's license. Upon stopping Hoover, Bullock asked Hoover if he was the registered owner, and Hoover indicated that he was not. Bullock explained to Hoover that the registered owner of the vehicle had a suspended license, and Hoover replied that he knew he looked "suspicious." Bullock testified that Hoover looked nervous: his hands were fidgeting, he was sweating, and his speech was stumbling. Bullock checked Hoover's name and birth date, and verified that Hoover had a valid driver's license. Bullock explained that he asked Hoover to exit the vehicle because Bullock was concerned for his safety due to Hoover's behavior and felt that Hoover would attempt to flee in the vehicle. Upon Hoover's exiting the vehicle, a small piece of white, chalky substance sitting on Hoover's leg fell to the ground. The substance field-tested positive for cocaine.
In its order denying Hoover's motion to suppress evidence, the trial court concluded:
Based upon the totality of the circumstances, including the Defendant's presence in a high-drug area, his mannerisms, his unlikely story for being in an area, the short time of the encounter, and officer safety, this Court finds that the deputy had a reasonable suspicion that the Defendant was committing a criminal act and was merely starting his investigation when the drugs were found. See Eldridge v. State, 817 So.2d 884 (Fla. 5th DCA 2002).
Hoover concedes that the initial stop by the police officer was valid, but *712 argues that the validity of the initial stop does not justify the police officer's continued detention of Hoover. We agree that Bullock's initial stop of Hoover was valid. See Smith v. State, 574 So.2d 300, 301 (Fla. 5th DCA 1991). However, absent a well-founded suspicion of criminal activity, once a police officer accomplishes the purpose of a traffic stop, a continued detention is illegal. Cresswell v. State, 564 So.2d 480 (Fla.1990).
In the instant case, Bullock satisfied the purpose of his stop once he verified that Hoover had a valid driver's license. After a review of the record, we disagree with the trial court's finding that Bullock had grounds to continue Hoover's detention. See Sims v. State, 622 So.2d 180 (Fla. 1st DCA 1993) (concluding that defendant's aimless driving in a high drug area and nervous behavior after the stop did not justify detention beyond issuance of open container citation). Additionally, the trial court cited Eldridge v. State, 817 So.2d 884 (Fla. 5th DCA 2002), to support its rulings, but we held in Eldridge that the defendant's nervousness upon being stopped, his failure to provide a specific street address, and his possession of a large roll of $100 bills did not establish a basis for the officer to detain the defendant past the time necessary to issue a citation. Id. at 888-889.
Accordingly, we reverse the order denying the motion to suppress and remand with directions to discharge Hoover.
REVERSED with directions.
GRIFFIN and MONACO, JJ., concur.