SCHOONOVER, Judge.
Appellant, Harlan Smith, appeals from an order finding him guilty of violating his probation. We find merit only in appellant’s contention that the trial court erred in sentencing him.
On April 1, 1981, appellant was sentenced to two years incarceration, with all but six months suspended, and placed on probation for a period of three years for violating sections 812.014 and 812.015, Florida Statutes (1979). On June 18, 1984, appellant was found guilty of violating the terms of his probation. The court terminated appellant’s probation and then sentenced him to serve another five-year term of probation. Appellant contends that since five years is the maximum permissible sentence of combined incarceration and probation for his original crime, the court erred in requiring him to serve an additional five years of probation.
Appellant’s original sentence of two years incarceration followed by three years probation was within the five-year maximum sentence allowed for the crime he committed. See Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). If the court had modified this sentence by adding five years of probation to the original sentence, the total period of probation under the original order would have exceeded the maximum sentence and the court would have erred. Schertz v. State, 387 So.2d 477 (Fla. 4th DCA 1980). The court did not modify its original order, however, but instead re *495 voked appellant’s probation. Upon revoking probation, a court may impose any sentence it could have originally entered less any jail time previously served as a part of the sentence. State v. Holmes, 360 So.2d 380 (Fla.1978). The court therefore had the authority to place appellant on a new term of probation for a period of five years. Although the court was not required to deduct the time already served on probation, it erred in failing to credit the jail time appellant had previously served on the original sentence. Holmes.
Accordingly, we affirm the order finding appellant guilty of violating the terms of his probation, but remand with directions that the order placing appellant on probation be modified to allow credit for jail time previously served on the original sentence.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and DANAHY, J., concur.