BLUE, Judge.
Carl Pla (Pla) appeals his probationary sentences in four cases. His contentions with reference to case no. 90-17392 are without merit and we affirm his sentence for that case. We hold, however, that the probationary sentences in cases no. 83-4362, 84-9594, and 84-9595 exceeded the maximum legal penalty and must be vacated.
Each of these three cases involved third degree felonies. In case no. 83-4362 Pla was convicted of grand theft and resisting arrest with violence and originally sentenced to five years probation in November, 1983. On May 23, 1984, he was placed on five years concurrent probation in cases *693 no. 84-9594 and 84-9595 for convictions of grand theft.
Between May 23, 1984, and February 6, 1991, the record reveals a confusing morass of technical violations of probation, revocations, and sentences which included incarceration, community control, and extensions of probation. On February 6, 1991, Pla pled guilty to petty theft in case no. 90-17392 and admitted that he violated probation in the other three cases under consideration. As a result, Pla was sentenced to three and one-half years imprisonment followed by one and one-half years probation in case no. 84-9595. In cases no. 83-4362 and 84-9594, he was sentenced to five years probation. All of the probationary sentences were concurrent with each other, but consecutive to the three and one-half years incarceration in case no. 84-9595.[1]
The maximum probation that can be imposed for third degree felonies is five years, and a trial court cannot legally extend probation beyond that period. Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991). In three of the cases on appeal the trial court impermissibly extended the proba-tions beyond the maximum legal penalty. Accordingly, we reverse the imposition of probation in cases no. 83-9594, 84-9594, and 84-9595 and remand to the trial court to vacate the probation in these three cases.
Affirmed in part, reversed in part and remanded.
LEHAN, C.J., and RYDER, J., concur.

. Mr. Pla did not appeal the three and one-half years incarceration in case no. 84-9595.