606 So.2d 680 (1992)
Roger Lee CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02164.
District Court of Appeal of Florida, Second District.
September 23, 1992.
James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Roger Carter appeals the sentences imposed in three separate cases in which Carter admitted violating his probation. We reverse, concluding that the trial court committed certain errors during sentencing, and remand to the trial court for corrections.
In circuit court case number 88-8984, the trial court had adjudicated Carter guilty of auto theft, which is a third-degree felony. Following a second violation of probation, the trial court imposed five years' probation, the maximum time permitted for a third-degree felony. However, the record reflects that Carter is entitled to credit for the probationary time he served previously when probation was first imposed for this conviction. We reverse this sentence and remand it to the trial court to strike from Carter's extended probationary period any amount of probation in excess of the statutory maximum. See Davis v. State, 604 So.2d 844 (Fla. 2d DCA 1992); Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991).
Carter argues that this result also should occur in circuit court case number 88-6466. We disagree. In case number 88-6466, the state charged and the trial court adjudicated Carter guilty of grand theft in the second degree, a violation of section 812.014(2)(b), Florida Statutes (1987). Although the trial court designated this offense in the initial judgment as a third-degree *681 felony, it is a second-degree felony. We, therefore, direct the trial court to correct the judgment to reflect that the defendant was adjudicated guilty of a second-degree felony in case number 88-6466.
The written order of probation which applies to all three cases (88-6466, 88-8984, and 89-4362) contains a handwritten notation, "Same Terms & Conditions." Because the trial court did not pronounce orally this condition of probation at sentencing, we strike this phrase from Carter's written order of probation. See Williams v. State, 601 So.2d 635 (Fla.2d DCA 1992); Williams v. State, 542 So.2d 479 (Fla.2d DCA 1989).
Further, the order of probation contains condition six, entered in writing by the trial court in all three cases, which states "[y]ou will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." This condition must be stricken because the trial court did not pronounce it in open court. See Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992).
Reversed and remanded with directions to resentence Carter consistent with this opinion.
CAMPBELL, A.C.J., and BLUE, J., concur.