610 So.2d 26 (1992)
Clarence D. TEASLEY, a/k/a Clarence Douglas Teasley, Appellant,
v.
STATE of Florida, Appellee.
No. 90-03385.
District Court of Appeal of Florida, Second District.
November 25, 1992.
*27 James Marion Moorman, Public Defender, Bartow, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Francine Thomas, Asst. Atty. Gen., Miami, for appellee.
PARKER, Judge.
Clarence D. Teasley appeals his sentences in three criminal cases. We agree with Teasley that these cases contain sentencing errors.
In case number 84-4947, the trial court sentenced Teasley on July 10, 1984, to five years' probation for burglary, a third-degree felony. On January 18, 1989, Teasley's probation officer filed an affidavit of violation of probation. On July 19, 1989, the trial court extended Teasley's probation for three years. Teasley again violated his probation on April 5, 1990, and the trial court revoked Teasley's probation and placed Teasley on community control on June 18, 1990. Teasley violated his community control in 1990, and the trial court sentenced him to five years in prison, which Teasley challenges in this appeal. We find that the sentence is illegal, but the basis for our conclusion differs from the reason Teasley raised in this appeal. A trial court may not extend probation beyond the statutory maximum. Davis v. State, 604 So.2d 844 (Fla. 2d DCA 1992); Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991). In this case, the statutory maximum was five years. § 775.082(3)(d), Fla. Stat. (1983). Because the trial court initially extended Teasley's probation beyond July 10, 1989, the sentence imposed after that date upon revocation of community control would be illegal based on Davis and Servis. It is true that a trial court may impose any sentence which it might have imposed originally (five years' prison in this case), § 948.06(1), Fla. Stat. (1983); however, the trial court in the instant case did not impose the five-year sentence until after the probation should have terminated. Thus, we vacate the five-year prison sentence in case number 84-4947.
The two other cases also contain sentencing errors which require trial court action. In count four of case number 90-5483, which was a misdemeanor charge, the court erred in designating Teasley as a habitual offender. See DuBose v. State, 585 So.2d 1198 (Fla. 1st DCA 1991) (habitual offender status cannot be invoked for a misdemeanor). This case must be remanded for the trial court to correct the written sentencing order by deleting the habitual offender designation for count four.
In case number 88-9471 and the three remaining counts of case number 90-5483, the trial court sentenced Teasley as a habitual offender. Teasley is correct that the record contains insufficient evidence that he met the criteria for a sentence as a habitual offender. We remand these cases for the trial court either to make the required findings upon proper evidentiary support or, if the requisite prior convictions do not exist, to resentence him within the sentencing guidelines. See Alphonse v. State, 593 So.2d 612 (Fla. 2d DCA 1992).
Finally, Teasley asserts that a term of probation or community control is illegal under the habitual offender statute. This court decided otherwise in King v. State, 597 So.2d 309 (Fla. 2d DCA 1992) (en banc). We certify conflict with the Fifth District's opinion in State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA 1992).
Reversed and remanded for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and SEALS, JAMES H., Associate Judge, concur.