PER CURIAM.
Appellant appeals his conviction and sentence for violating his community control, *583 arguing the trial court should have determined whether a Richardson[1] hearing was necessary, should have granted him 103 days credit for time served instead of only 78 days, and should not have imposed a sentence that exceeded the statutory maximum. We affirm in part, reverse in part and remand.
Appellant pleaded no contest to possession of cocaine, and was sentenced to eighteen months probation. Fifteen months later, his probation was revoked and he was placed on community control, with the added requirement of serving thirty days in jail. Appellant was to serve the jail time on the weekends. Six months after this appellant was charged with violating his community control for failing to submit weekly logs and failing to report to jail on the weekends.
At the community control revocation hearing, appellant objected to the state’s use of appellant’s jail records. Appellant argued the state had violated discovery by not providing him with a copy of the records prior to the hearing. Appellant requested a Richardson hearing. The state argued the Discovery Stipulation agreement between the state attorney’s office and the public defender’s office did not apply to a community control revocation hearing. The trial court admitted that it did not know whether the Discovery Stipulation agreement covered this situation. We hold that the trial court’s failure to rule on whether the Discovery Stipulation agreement applied to community control revocation hearings was harmless under the facts of this case. Accordingly, we affirm the violation of community control.
The state concedes the trial court erred in failing to grant appellant 103 days credit for time served. Moreover, the trial court erred in sentencing appellant because the sentence exceeded the statutory maximum sentence by one year and eleven months. Appellant was sentenced to probation on December 15, 1989. Section 775.082(3)(d), Florida Statutes (1989), provided a maximum sentence of five years for a third degree felony. Thus, the maximum sentence would have ended on December 15, 1994. The trial court revoked appellant’s probation on May 8, 1992, and sentenced him to four and one-half years probation. This sentence would run until November 8, 1996, nearly one year and eleven months longer than the statutory maximum. We hold, as the second district held in Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992), that it is reversible error for a trial court to impose a sentence which exceeds the statutory maximum, as computed from the initial sentencing date.
Accordingly, we affirm the conviction but reverse appellant’s sentence and remand to the trial court for resentencing.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
GUNTHER, J., concurs in part and dissents in part with opinion.

. Richardson v. State, 246 So.2d 771 (Fla.1971).