625 So.2d 876 (1993)
Christopher Gene SUMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03686.
District Court of Appeal of Florida, Second District.
October 1, 1993.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Hollywood, for appellee.
*877 EN BANC
DANAHY, Judge.
In this appeal, Christopher Gene Summers raises one issue concerning his conviction for grand theft and five issues concerning his sentencing upon revocation of probation. We find no merit in his contention that there was insufficient evidence to convict him of grand theft and therefore affirm this conviction and sentence (Circuit Court Case No. 91-8844). Of the five sentencing errors raised, three have no merit.[1] We agree with Summers' contentions concerning the remaining two issues. Accordingly, we reverse and remand for resentencing. In reversing we have elected, on our motion, to decide this appeal en banc to resolve an intradistrict conflict between Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991), and Smith v. State, 463 So.2d 494 (Fla. 2d DCA 1985).[2] In resolving this conflict we certify the question presented to the supreme court as one involving great public importance.

HABITUAL OFFENDER ENHANCEMENT
In Circuit Court Case Nos. 88-7827 and 88-14789, the trial court improperly enhanced the sentences pursuant to the Habitual Offender Statute, section 775.084, Florida Statutes (1989). The record reflects that the appellant did not have the requisite number of predicate offenses to qualify for such enhancement and, additionally, at the time of the original sentencing was not properly notified of the state's intent to seek habitualization. Upon remand the habitual offender classification of the sentences in these two cases should be stricken. Furthermore, upon resentencing, enhancement of the sentences pursuant to section 775.084 is precluded. This is so because the court will be sentencing Summers upon a violation of probation and such enhancement was not a sentencing option available to the court at the time of the original sentencing. Snead v. State, 616 So.2d 964 (Fla. 1993).

CONFLICT ISSUE
We turn now to the resolution of our intradistrict conflict. The record shows that the trial court had originally placed Summers on probation in Circuit Court Case Nos. 88-7827, 88-14789, and 90-7880, which he subsequently violated several times. After each violation and revocation of probation, new probationary terms were imposed so that at the time Summers committed the most recent violations, he was serving concurrent terms of probation in these cases. After the latest revocation of these probations the trial court again imposed three concurrent probationary terms of fifteen years each, the statutory maximum. Summers argues such sentencing is error since these additional fifteen-year probationary terms exceed the statutory maximum when added to the time he has previously served on probation. Since it is undisputed that a trial court upon a revocation of probation may impose any sentence the court might have originally imposed, Poore v. State, 531 So.2d 161 (Fla. 1988), and Franklin v. State, 545 So.2d 851 (Fla. 1989), the trial court made no error in reimposing probation. However, the question which then arises is whether, once the trial court decides to impose more probation, the court must allow credit for the period of time actually served on probation before revocation thus reducing the subsequent probationary term imposed for that same crime.
In Servis, the defendant was initially placed on five years probation for second-degree grand theft, a third-degree felony with a five-year statutory maximum. The defendant subsequently violated the terms of his probation. The trial court then revoked and extended his probation for an additional three years. In Servis we affirmed the order of revocation but reversed the three-year *878 term imposed and directed the trial court to reinstate the original order of probation. We did so because the court "could not legally extend probation beyond" the five-year statutory maximum. The effect of our decision in Servis was to give the defendant credit for the time he had already served on probation.
In Smith, on the other hand, we held that when a defendant's probation is revoked and further probation is imposed, he is not entitled to credit for the time he has already served on probation for that offense. The defendant in Smith was originally sentenced to two years incarceration followed by three years probation. The offense carried a five-year statutory maximum. While serving the probationary portion of his sentence, the defendant violated its terms. The trial court revoked his probation and ordered him to serve another five-year term of probation. In Smith we rejected the defendant's argument that the trial court erred in imposing the additional five years of probation. Instead we determined that the trial court "was not required to deduct the time already served on probation." 463 So.2d at 495. Smith drew a distinction between modification and revocation of probation, indicating that if the court had merely modified the probation, instead of revoking it, adding on the statutory maximum of five years probation would have been error. But since the trial court in Smith had revoked the probation, credit would not be due because the court would be entitled to "impose any sentence it could have originally entered less any jail time previously served." Id. The consequence of the Smith decision is to disregard the statutory maximum for punishment in cases where probation is imposed, revoked, and imposed again. For support, Smith cited the supreme court's opinion in State v. Holmes, 360 So.2d 380, 383 (Fla. 1978), which stated that if probation is revoked, "no credit shall be given for time spent on probation."
After reconsidering Holmes and in light of Snead v. State, 616 So.2d 964 (Fla. 1993), as we will discuss infra, we conclude that we must partially recede from Smith.
A close reading of Holmes does not support the broad conclusion that credit for probation already served should not be applied to new probationary terms imposed after revocation. Holmes dealt with an original sentencing where a probationary split sentence was initially imposed, not with a new probationary term imposed after revocation of probation. In the circumstance actually facing it our supreme court held that the combined terms of incarceration and probation may not exceed the statutory maximum. 360 So.2d at 383. The supreme court then went on to advise that in a future case where probation is subsequently revoked, a trial court could impose any sentence it might have originally imposed minus jail time previously served as part of the same sentence and that no credit may be given for the time spent on probation. We understand this to mean only that the time already spent on probation may not be credited toward the new sentence, i.e., the term of incarceration imposed. This construction of the supreme court's statements concerning what should happen in a future proceeding respects the distinction between probation and a "sentence."[3]
*879 In Snead, the supreme court recently faced a case where, upon revocation of probation, the newly-imposed sanction exceeded that which was legally available at the original sentencing. It held that the newly-imposed sanction was unlawful. It based its reasoning on section 948.06(1), Florida Statutes (1989), also the controlling statute in the instant case, which mandates that "`if probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.'" 616 So.2d at 965. Since the state had not properly notified Mr. Snead of an intent to habitualize him before his plea hearing, it was, upon revocation of probation, "not an option the trial court could have considered based on the facts of th[e] particular case." Id.
Combining the teachings of Holmes and Snead we are left with the following analysis in the instant case. At the original sentencing hearing, the court had five sentencing options, see Poore and Franklin, one of which was the option of imposing a straight probationary term limited by the ceiling of the statutory maximum. See also, Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). If at the original sentencing the court had opted to impose a probationary split sentence and upon revocation of probation the court decided to impose further incarceration, it must credit previous jail time. Holmes. It follows then that if the trial court decides to place the defendant on further probation, it must also credit previous probationary time, least of all for consistency's sake. We believe this advances the objective of uniformity and consistency in Florida's sentencing scheme to which the law and the courts aspire. See, e.g., Branam v. State, 554 So.2d 512 (Fla. 1990). Our analysis and conclusion also comport with the policy expressed in Snead: "We believe that this result provides the trial court with the flexibility necessary to punish offenders who violate the terms of their probation, while still providing defendants who enter a plea agreement with the requisite notice of the most severe punishment that can be imposed." 616 So.2d at 966. Our holding today will provide the same requisite notice of the most severe punishment that can be imposed  the statutory maximum.[4]
In the same context of reimposing probation post-revocation the Fifth District in Ogden v. State, 605 So.2d 155, 158 (Fla. 5th DCA 1992), pointed out:
Otherwise [than being limited to the statutory maximum], probation and likewise community control could be extended by a court ad infinitum beyond the statutory maximum incarceration each time probation or community control is revoked. We doubt the legislature intended such a result.
We agree with our sister court that the legislature did not intend such "ad infinitum" extensions which might result in a lifetime spent on probation where, if incarceration were imposed, it would have been limited by the statutory maximum to a number of years certain. It is clearly established that combined periods of incarceration plus probation are limited by the statutory maximum. Glass v. State, 574 So.2d 1099 (Fla. 1991); Holmes. As we have discussed above, since an initial probationary term itself is limited to the statutory maximum further probation imposed after revocation should be similarly limited.[5] Our reasoning in Watts v. *880 State, 328 So.2d 223 (Fla. 2d DCA 1976), in the context of an original imposition of probation, is equally applicable here:
There is validity to not allowing probation to extend beyond the period of maximum sentences. First, a penal statute must be strictly construed in favor of those against whom it would operate; and second, to infer that a court could extend probation beyond such a maximum permitted punishment would lead to unacceptable results... . [T]he absence of any limit raises the possibility that a judge could direct many years of probation even for a misdemeanor, a concept which has the potential to inject further disparities into the corrective process.
In summary, we affirm in part and reverse in part and remand for resentencing in accordance with this opinion. On remand the trial court will allow Summers credit for time previously served on probation toward the most recently imposed probationary term for the same offense.[6]
We certify to the supreme court the following as a question of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TOWARD ANY NEWLY-IMPOSED TERM OF PROBATION SO THAT THE TOTAL PROBATIONARY TERM IS SUBJECT TO THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
RYDER, CAMPBELL, HALL, PARKER and BLUE, JJ., concur.
SCHOONOVER, J., concurs in part and dissents in part with an opinion, in which FRANK, C.J., and THREADGILL, PATTERSON and ALTENBERND, JJ., concur.
SCHOONOVER, Judge, Concurring in part and Dissenting in part.
I agree that the appellant must be resentenced in two of the cases pending against him and that upon resentencing his sentences cannot be enhanced pursuant to section 775.084. See Snead v. State, 616 So.2d 964 (Fla. 1993).
I also agree that we should resolve any intradistrict conflict that exists. Because I take the position that there is a valid distinction between the words "revoke," "modify," or "extend," I do not agree that there is a conflict between Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991), and Smith v. State, 463 So.2d 494 (Fla. 2d DCA 1985). These two cases can be reconciled. I agree, however, that there is a conflict between Smith and those cases of our court which follow Servis without even discussing Smith. See, e.g., Duchesne v. State, 616 So.2d 172 (Fla. 2d DCA 1993); Carter v. State, 606 So.2d 680 *881 (Fla. 2d DCA 1992); Davis v. State, 604 So.2d 844 (Fla. 2d DCA 1992); Pla v. State, 602 So.2d 692 (Fla. 2d DCA 1992).
In view of the position taken by the majority, I would also attempt to resolve interdistrict conflict as well as intradistrict conflict by certifying to the supreme court that our decision is in conflict with Ramey v. State, 546 So.2d 1156 (Fla. 5th DCA 1989), and Quincutti v. State, 540 So.2d 900 (Fla. 3d DCA 1989).
Although I agree that conflict exists, and that it should be resolved, I would resolve it by approving Smith. I, therefore, respectfully dissent from that portion of the opinion which recedes in part from Smith.
Until 1974 when a defendant was placed upon probation, the term for which he was placed upon probation could not extend for more than two years beyond the maximum sentence. This provision was eliminated in 1974 and it is now clear that when a defendant is initially placed upon probation the term of that probation cannot exceed the length of the maximum sentence provided by law. Swift v. State, 362 So.2d 723 (Fla. 2d DCA 1978); Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976).
The question in the instant case does not, however, deal with the term of probation that can initially be imposed. We are concerned with the court's sentencing alternatives when a probationer violates the terms of his probation and the court determines that it should be revoked.
The majority agrees that upon revocation of probation a trial court may impose any sentence it could originally impose and, therefore, that the court in this case did not err in reimposing probation. The majority, however, then construes Holmes and Snead and concludes that those cases require a holding that "if the trial court decides to place a defendant on further probation, it must also credit previous probationary time, least of all for consistency's sake." I disagree.
First, I am not sure how the majority holding will lead to consistency. Under the majority view, if a probationer fails to make a restitution payment at the beginning of his probation, the court, if it finds the violation willful, may choose to revoke his probation and then impose it again. The court could also revoke a defendant's probation and sentence him pursuant to the guidelines which would include a one cell bump up. On the other hand, if he improperly failed to make restitution payments during the latter part of his probation, the court would not be able to impose a meaningful probation and would have to sentence him to a term of imprisonment. One of the purposes of probation is to assist victims in receiving restitution and that purpose would fail.
Although it involved an improper extension of probation rather than an imposition of a new term of probation, Servis, illustrates this problem. In Servis, the defendant was originally placed upon probation for the maximum time allowed. Although the appellate record in this court is no longer complete, it appears that he made all cost of supervision payments required of him, and except for restitution payments, met all of the terms and conditions of his probation. When his probation was about to expire and he still owed most of his agreed upon restitution, a warrant was issued and he was found in violation of his probation. The court, instead of sentencing the appellant to three years in prison as allowed by the guidelines, extended his probation for three years or until he had made full restitution. On appeal, this court, following the principle accepted by the majority, reversed. Upon remand, if the guidelines were followed, a person who had been a good probationer for five years, and who wanted to pay restitution, could be sentenced to up to three years in prison because he had used up his right to more probation. If the court desired to just place him back on probation, the court would find that the probation had expired and the victim, therefore, would not receive restitution. Either result is inconsistent with the purpose of rehabilitation and certainly does not assist in obtaining restitution for victims.
The majority states that the legislature did not intend ad infinitum extensions which might result in a lifetime spent on probation. A lifetime on probation will not occur if a probationer follows the terms of his probation. *882 Also, "it cannot be said that the legislature intended to leave society without any recourse against those defendants who receive the benefit of the court's mercy by being placed on probation and, subsequently, violate the terms thereof." Mulder v. State, 356 So.2d 870 (Fla. 4th DCA 1978).
Next, we must remember that a probationary term is not a sentence. Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla. 1980). A person may only be placed on probation if it is within the guidelines and if it appears to the court upon a hearing of the matter that a defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law. § 948.01(3), Fla. Stat. (1989). Probation is a matter of grace. Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978). It provides a period of grace to aid in the rehabilitation of a penitent offender. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). If a probationer violates the terms of probation and it still appears to the court that the requirements of probation are met, there is no reason another period of grace should not be allowed.
When events that bring about a revocation occur, a new chapter is opened and the court ought to be able to mete out any punishment within the limits prescribed for the crime. Johnson v. State, 378 So.2d 335 (Fla. 2d DCA 1980), cert. denied, 402 So.2d 9 (Fla. 1981). Section 948.06(1), Florida Statutes (1989), provides that if probation is revoked, the court may impose any sentence which it might have originally imposed before placing the probationer on probation. The majority agrees that under this provision a court may impose another term of probation. If probation is not a sentence and may be imposed even though it has been violated once, the duration of this "grace" period should not be restricted by requiring a court to subtract prior periods of "grace" from the maximum period authorized by law.
Finally, a review of our decision in Smith and the authority relied upon therein indicates it was correctly decided and should be followed in this case. See also Ramey; Quincutti. But see Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991).
In addition to the opinions mentioned above, several other states have considered a statute similar to section 948.06(1). In the case of State v. Viloria, 70 Haw. 58, 759 P.2d 1376 (Haw. 1988), the Supreme Court of Hawaii said that if a statute is clear and unambiguous on its face, and does not lead to an absurd result, the statute must be given its plain and obvious interpretation. The court held that given the legislative policy favoring the withholding of imprisonment when it is inappropriate, and the clear language of the statute, a court had the discretion to revoke probation and reimpose another term of probation even if it resulted in a total length of probation greater than the statutory maximum. See also Kahlsdorf v. Wyoming, 823 P.2d 1184 (Wyo. 1991); In re Hamm, 133 Cal. App.3d 60, 183 Cal. Rptr. 626 (Cal.Ct.App. 1982).
I would, based upon the above discussion and authorities, adopt the Smith decision and recede from any cases in conflict with it.
Since the majority does not agree and this matter is being remanded for the determination of credit for time served on probation, I would instruct the court in that regard. The record indicates that a portion of the time the appellant spent on probation for the cases under consideration was also spent serving a jail sentence. The appellant should not be given credit for this time on both his jail sentence and on the term of his probation. Additionally, the appellant absconded from supervision shortly after he was placed on probation and at another time escaped from custody. His probationary term must be tolled during the time he was gone and not under supervision. Williams v. State, 529 So.2d 366 (Fla. 2d DCA 1988); Weeks v. State, 496 So.2d 942 (Fla. 2d DCA 1986). This will result in the appellant's probation being extended beyond the maximum term that was originally imposed.
NOTES
[1] These issues deal with the propriety of habitualizing the appellant and then imposing probationary terms, allegations of intermittent sentencing, and allegations of increasing habitual offender sentences previously imposed.
[2] We have also consistently followed Servis, and thus conflict with Smith, in Carter v. State, 606 So.2d 680 (Fla. 2d DCA 1992), Davis v. State, 604 So.2d 844 (Fla. 2d DCA 1992), Pla v. State, 602 So.2d 692 (Fla. 2d DCA 1992), Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992), and Teasley v. State, 610 So.2d 26 (Fla. 2d DCA 1992), review denied, 618 So.2d 1370 (Fla. 1993).
[3] The Committee Note to Florida Rule of Criminal Procedure 3.790 states that "[a] probationary period is not a sentence." Although the Committee Note to Rule 3.790 has never been adopted as part of this rule, In re Florida Rules of Criminal Procedure, 196 So.2d 124 (Fla. 1967); In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972); In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla. 1988), this advice is sound since the supreme court has maintained the distinction. See Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1980), and its progeny. As the Committee Note properly comments:

A probationary period is not a sentence, and any procedure that tends to mix them is undesirable, even if this mixture is accomplished by nothing more than the terminology used by the trial court in its desire to place a person on probation. See sections 948.04 and 948.06(1), Florida Statutes, in which clear distinctions are drawn between the period of a sentence and the period of probation.
Since a sentence, i.e., incarceration, is the most severe sanction for unlawful conduct and is limited to the statutory maximum, the better policy is to find the probation sanction similarly limited.
We are concerned that the effect of maintaining this distinction may have unanticipated consequences. See infra, note 6.
[4] Our holding also comports with the spirit of Tripp v. State, 622 So.2d 941 (Fla. 1993), which held that credit for jail time served on one offense must be applied to reduce jail time imposed on a separate offense where the new jail time for the second offense is imposed upon revocation of probation for that second offense. Tripp's result was mandated in order to eliminate unwarranted variation in sentencing under the guidelines. 622 So.2d at 942. The goal of eliminating unwarranted variation in sentencing is also furthered by respecting the limit of the statutory maximum imposed for each offense.
[5] There is no dispute that if a trial court, upon a finding that a violation of probation has occurred, decides to modify or extend the probation instead of revoking it, the statutory maximum must be observed. Schertz v. State, 387 So.2d 477 (Fla. 4th DCA 1980). It could be argued, then, that if there is instead the additional factor of a formal revocation (which requires an adjudication of guilt if not previously done) beyond a mere modification or extension, the revocation case is factually distinguished from the modification or extension case and need not comply with the requirement to observe the statutory maximum when reimposing a term of probation.

We find no reason for such a distinction, however, because it elevates form over substance. Regardless whether a term of probation is subsequently revoked, modified, or extended, there is a finding that a violation of probation has occurred. Since a probationary term originally imposed is limited by the statutory maximum, the better and more consistent policy is that any reimposition of probation, be it imposed upon extension, modification, or revocation, will also respect that statutory limit. As a practical matter, repeated violations of probation will most often result in incarceration. Therefore, limiting total probation served to the statutory maximum will not unduly restrict a trial court's sentencing discretion or alternatives.
[6] We continue to adhere to our views expressed in Watts, at 223, that "[t]here is validity to not allowing probation to extend beyond the period of maximum sentences." But in applying the rationale expressed in Watts, we are mindful that in our attempt to harmonize the cases and strictly construe Florida's sentencing laws a legal anomaly could result. Given our holding in the instant case, that probation time, like jail time, is limited to the statutory maximum, theoretically a defendant could serve almost double the statutory maximum time under legal constraint. To illustrate, if he is placed on probation for the statutory maximum time but violates it late in the term, upon revocation he can still be incarcerated for the statutory maximum time as well. Given such facts, this result is unavoidable if statutory maximums are to be given any respect at all. It appears to us that any anomaly created by such a result in the probationary split sentencing scheme is best left for the legislature.