629 So.2d 174 (1993)
Dan Earl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01346.
District Court of Appeal of Florida, Second District.
October 20, 1993.
Rehearing Denied December 20, 1993.
*175 James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carl R. Hayes, Asst. Atty. Gen., Tampa, for appellant.
DANAHY, Judge.
Dan Earl Williams appeals a sentencing scheme imposed upon a violation of community control. For the crimes underlying the community control (third degree felonies of burglary and criminal mischief, Circuit Court Case No. 91-176), the court imposed concurrent sentences of four years in prison followed by one year probation. The court then imposed three concurrent sentences of five years' probation for the new substantive crimes which comprised the violation of community control (burglary of a dwelling, grand theft, and dealing in stolen property, Circuit Court Case No. 91-680). These were to be served consecutively to the sentences in Case No. 91-176. Williams presents two arguments in opposition to this sentencing scheme: First that the entire scheme is structured to deny him credit for prison time served in the event of a violation of probation on the new charges (Case No. 91-680); and second that the probationary terms in Case No. 91-176 exceed the statutory maximum of five years for those crimes.
As to his first argument, we conclude that under Tripp v. State, 622 So.2d 941 (Fla. 1993) (revised opinion), which quashed our opinion in State v. Tripp, 591 So.2d 1055 (Fla. 2d DCA 1991), Williams' sentencing arrangement remains a viable sentencing option, but with a caveat, as we will explain. In Tripp, this court held that under a similar sentencing arrangement, defendant therein was not entitled to credit for time served for the first case upon revocation of probation for the second case but certified the propriety of the sentencing arrangement to the supreme court. 591 So.2d at 1055-56.
On review, the supreme court in Tripp concluded that the sentencing arrangement was "inconsistent with the intent of the sentencing guidelines." 622 So.2d at 942. This language appears to disapprove of the sentencing arrangement that the trial court used in this case. However, Tripp also stated, "We hold that if a trial court imposes a term of probation on one offense consecutive to a sentence of incarceration on another offense, credit for time served on the first offense must be awarded on the sentence imposed after revocation of probation on the second offense." Id. at 942. We construe this language to mean that the sentencing arrangement in this case was permissible, but if Williams subsequently has his probation in Case No. 91-680 revoked and he is thereafter ordered to serve time in prison, he then will be entitled to credit for the time he served in prison in Case No. 91-176.
As to his second point, Williams argues that on the above-referenced violation of community control, the trial court illegally extended his sentence beyond the statutory maximum. Williams originally had received on the burglary count 100 days in county jail followed by eighteen months' community control followed by three years' probation, and on the criminal mischief count a consecutive term of five years' probation. He violated his community control, and, as we have said, was sentenced to concurrent sentences of four years' prison followed by one year probation.
Williams contends that under Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991), the trial court illegally extended his sentence in Case No. 91-176 beyond the statutory maximum of five years for third-degree felonies. See also Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993) (en banc). He claims that since he served about ten months on community control, his new probation must be correspondingly reduced. We disagree. Servis and Summers are distinguishable and do not support Williams' argument.
Servis and Summers stand for the proposition that when further probation is *176 ordered to be served upon a violation of probation, credit for time served on the previous probation must be credited toward the newly-imposed probation. In Case No. 91-176, the trial court did not impose further community control after Williams had violated community control. Had the court done this, the case would have been an analogous situation to Servis or Summers and which in that instance would have required corresponding credit. Rather, the court took the matter back to the drawing board, so to speak, and imposed four years' prison followed by one year probation. This the court was entitled to do under section 948.06(1), Florida Statutes (1991), which provides that on revocation of community control or probation the court may impose any sentence it might originally have imposed before placing a defendant on community control. See Williams v. State, 581 So.2d 144, 146 (Fla. 1991). See also Teasley v. State, 610 So.2d 26 (Fla. 2d DCA 1992), review denied, 618 So.2d 1370 (Fla. 1993); Davis v. State, 604 So.2d 844 (Fla. 2d DCA 1992). Williams must receive 100 days credit toward the four-year prison sentence imposed but, since he had not previously served any time on probation, under Servis and Summers he is not entitled to a credit toward his newly-imposed probation. In the final analysis, Williams is seeking credit for the time he previously served on community control toward the new probationary term imposed. We hold that the trial court has discretion to disallow such credit since just as community control is not the functional equivalent of jail time, Smith v. State, 615 So.2d 712 (Fla. 2d DCA 1993), see also Chancey v. State, 614 So.2d 18 (Fla. 4th DCA 1993), neither is it the functional equivalent of probationary time. The trial court in ordering Williams to serve concurrent terms of four years in prison followed by one year probation in Case No. 91-176 imposed a legal sentence.
Affirmed.
RYDER, A.C.J., and THREADGILL, J., concur.