PER CURIAM.
Defendant challenges the sentence imposed upon revocation of probation.
Defendant was sentenced upon violation of community control to three years probation consecutive to a sentence of three and a half years state prison on a separate charge that was before the trial court at the same time. Defendant completed her prison term, but her probation was later revoked whereupon she was sentenced to a period of incarceration followed by probation.
The trial court denied defendant credit for the time she had served in prison. We reverse with instructions to the trial court to give defendant credit for that time. See Tripp v. State, 622 So.2d 941 (Fla.1993). We further note that she is entitled to receive not only credit for time served but also any earned gain time accrued under the three and a half year sentence pursuant to State v. Green, 547 So.2d 925 (Fla.1989). We are aware that section 948.06(6), Florida Statutes (Supp.1990) was enacted to counter Green, but her offense was committed before the effective date of the statute. See Bell v. State, 610 So.2d 737 (Fla. 2d DCA 1993).
We also note that under Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), when a defendant’s probation is revoked and *1190 a new probationary term is imposed, as it was in the instant case, the defendant is entitled to credit on the new sentence of probation for any time previously served on probation. We, therefore, instruct the trial court to give the defendant such credit. However, the defendant is not entitled to credit against his probation sentence for any time spent on community control. Williams v. State, 629 So.2d 174 (Fla.2d DCA 1993).
As in Summers, we certify to the supreme court the following as a question of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TOWARD ANY NEWLY-IMPOSED TERM OF PROBATION SO THAT THE TOTAL PROBATIONARY TERM IS SUBJECT TO THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Reversed and remanded for proceedings consistent herewith.
FRANK, C.J., DANAHY, J., and LUTEN, CLAIRE K., Associate Judge, concur.