ALTENBERND, Judge.
Joseph Foley appeals the revocation of his probation in three cases and the sentences imposed thereafter. He contends, among other things, that the trial court erred in extending his probation beyond the statutory maximum. We affirm the revocation of probation in all cases and the sentence imposed for grand theft. For the reasons stated below, we reverse the terms of probation imposed for forgery and uttering a forged instrument and remand for further proceedings.
On June 4, 1987, the state charged Mr. Foley with forgery, grand theft, and uttering a forged instrument, all third-degree felonies. On June 9, 1987, he pleaded guilty to the charges and was placed on three concurrent terms of 8 years’ probation, which terms were consecutive to an unrelated prison sentence. On July 6, 1989, the state charged Mr. Foley with violating probation by committing new offenses. On February 23,1990, he pleaded guilty to the violation and was again placed on three concurrent terms of 3 years’ probation.
On July 24, 1991, Mr. Foley was charged with the violation of probation that resulted in this appeal. On October 17, 1991, the trial court revoked probation and sentenced him to 5 years in prison for grand theft; a consecutive 6-month .term of imprisonment, followed by 4⅜ years’ probation, for uttering a forged instrument; and 5 years’ probation for forgery, to run concurrently with the probationary term imposed for the uttering conviction.
The record contains a seoresheet filed on February 23,1990, that provides for a recommended range of 3½ to 4½ years’ imprisonment. With a one-cell bump for violation of probation, the maximum guidelines sentence would be 5⅛ years. Thus, the two consecutive terms of imprisonment are permissible under the guidelines.
Pursuant to our recent en banc decision in Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), the trial court was required to take into consideration prior time served on probation when imposing the two new terms of probation. Neither term of probation may exceed 5 years, i.e., the maximum term of incarceration for a third-degree felony, inclusive of prior time served on probation or in prison for that offense. It is unclear from this record when the defendant began his initial terms of probation and we cannot calculate the maximum remaining term of probation on either offense. On remand, the trial court must determine the amount of time that the defendant has previously spent on probation or in prison for these offenses and assure that the concurrent terms of probation do riot exceed the legal maximum sentences in light of these considerations.
Mr. Foley has also raised issues regarding the revocation of probation and the term of imprisonment imposed for the grand theft charge. None of these contentions have merit. Thus, we affirm the revocation of probation in all eases and the sentence imposed for grand theft.
Affirmed in part, reversed in part, and remanded for resentencing.
FRANK, C.J., and CAMPBELL, J., concur.