PER CURIAM.
The state concedes that appellant’s sentence is illegal under our prior decisions[1] but has asked that we reconsider. In the meantime, in light of the recent en banc opinions of the Second District in Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), another panel of this court has certified to the supreme court the following question:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TO ANY NEWLY IMPOSED TERM OF COMMUNITY CONTROL AND PROBATION SO THAT THE TOTAL PERIOD OF COMMUNITY CONTROL AND PROBATION DOES NOT EXCEED THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Wardell v. State, 631 So.2d 1130 (Fla. 5th DCA 1994). The Summers opinion ably discusses the competing concerns. Since this matter is now before the supreme court, we follow our prior precedent, but also certify the above-quoted question to our supreme court.
Sentence VACATED; REMANDED for resentencing.
DAUKSCH, COBB and GRIFFIN, JJ., concur.

. Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991).