637 So.2d 325 (1994)
Darrell ROUNDTREE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1312.
District Court of Appeal of Florida, Fourth District.
May 25, 1994.
*326 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant's sentence is reversed and remanded for resentencing. The state acknowledges that Appellant is entitled to a credit for the time previously spent on probation because the total time on probation, by combining the probation time served prior to the violation with the subsequent probationary term, exceeds the statutory maximum. See Wardell v. State, 631 So.2d 1130 (Fla. 5th DCA 1994); Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993) (en banc); Giannandrea v. State, 621 So.2d 582 (Fla. 4th DCA 1993); Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992). Additionally, we can discern no reason for not applying the same reasoning when combining time spent on community control with a subsequent probation. But see Williams v. State, 629 So.2d 174 (Fla. 2d DCA 1993).
We certify to the supreme court the issue previously certified in Summers and Wardell, as well as in other pending cases:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION (AND/OR COMMUNITY CONTROL), CREDIT PRIOR TIME SERVED ON PROBATION (AND/OR COMMUNITY CONTROL) TOWARD A NEWLY IMPOSED PROBATIONARY TERM SO THAT THE TOTAL PROBATIONARY TERM SERVED AND TO BE SERVED DOES NOT EXCEED THE MAXIMUM SENTENCE ALLOWED BY LAW?
ANSTEAD, HERSEY and STONE, JJ., concur.