PARKER, Judge.
Tony Jackson appeals the sentences imposed upon revocation of probation. He specifically challenges the credit awarded to him for time served while in prison and on probation. We affirm the revocations of probation but reverse the sentences in Counts I and II and remand for correction of the credit awarded.
On June, 13, 1989, Mr. Jackson pleaded guilty to the following: Count I, delivery of cocaine; Count II, possession of cocaine; and Count III, possession of cannabis with intent to sell or deliver. These offenses were committed on May 18, 1989. On June 13, 1989, the trial judge sentenced Mr. Jackson to concurrent five-year probationary terms for each count but consecutive to a prison term in another case. On June 5, 1990, the trial court revoked Mr. Jackson’s probation and sentenced him as follows: Count III — four and one-half years’ incarceration; Count I— fifteen years’ probation; and Count II — five years’ probation. On November 12, 1992, the trial court again revoked Mr. Jackson’s probation in Counts I and II. The trial court sentenced him to concurrent five-year prison terms for each count and ordered that the term in Count I be followed by two years’ probation. The sentencing order reflects that the prison term in Count II was also to be followed by two years’ probation; however, the transcript of the sentencing hearing reveals that the court orally pronounced that only Count I was to be followed by a probationary term.
We agree with Mr. Jackson that pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993), he is entitled to credit for the prison time served for Count III on the sentences imposed upon revocation of probation in Counts I and II because the probationary terms imposed in 1990 followed the period of incarceration. Further, because the crimes in this case were committed prior to October 1, 1989, the effective date of the enactment of chapter 89-531, Laws of Florida, “credit for time served” includes jail time actually served and gain time granted pursuant to section 944.275, Florida Statutes (1991). See State v. Green, 547 So.2d 925 (Fla.1989). See also Walters v. State, 630 So.2d 1234 (Fla. 2d DCA 1994).
We also agree that pursuant to Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993) and Foley v. State, 630 So.2d 658 (Fla. 2d DCA 1994), Jackson is entitled to credit in Count I for the time previously spent on probation because the total probationary sentences imposed for Count I exceed the fifteen-year statutory maximum.
Although Jackson does not raise this point as an issue on appeal, our review of the record reveals that the written sentence for Count II indicates that the five-year prison term is to be followed by two years’ probation. However, this sentencing order does not comport with the trial court’s oral pronouncement which did not include a probationary term for that offense. Accordingly, on remand, the trial court must correct the sentence in Count II to conform to the oral pronouncement. See Williams v. State, 591 So.2d 329 (Fla. 2d DCA 1992).
We affirm the revocations of probation. We reverse the sentences in Counts I and II and remand for correction of the credit awarded.
DANAHY, A.C.J., and ALTENBERND, J., concur.