PARKER, Judge.
Michael L. White seeks review of the sentences imposed upon revocation of probation. He challenges the trial court’s failure to award credit for time served on probation. We affirm the revocations of probation and the sentence in Count I. We reverse the sentences in Counts II and III and remand for further proceedings.
On April 5, 1991, the trial court adjudicated Mr. White guilty of Count I, delivery of cocaine, and Counts II and III, possession of cocaine. The trial judge sentenced him to three years’ probation on each count to run concurrently. On August 20, 1992, the trial court revoked Mr. White’s probation. In Count I the trial judge sentenced him to two years’ community control followed by five years’ probation and in Counts II and III to two years’ community control followed by three years’ probation. The trial judge also ordered Mr. White to serve 364 days in the county jail as a condition of the community control. The judgment and sentence do not reflect credit for time served on probation.
We agree with Mr. White that pursuant to Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), he must be given credit for the time he previously served on probation for Counts II and III because without that credit the sentences imposed for violation of probation, added to the initial three-year probationary terms for each of those two counts, would exceed the five-year statutory maximum for a third-degree felony authorized by section 775.082(3)(d), Florida Statutes (1991). However, unlike Counts II and III, White is not entitled to the credit for the original three-year probationary term in Count I because the combined 1991 and 1992 probation sentences did not exceed the fifteen-year statutory maximum for a second-degree felony. See § 775.082(3)(c), Fla.Stat. (1991); Foley v. State, 630 So.2d 658 (Fla. 2d DCA 1994).
Although Mr. White does not challenge the imposition of 364 days in county jail as a condition of community control, the court erred in doing so. With a one-cell bump allowed for revocation of probation, Mr. White’s recommended guidelines range is two and one-half years to three and one-half years in prison and his permitted range is community control or one year to four and one-half years’ incarceration. If the permit *928 ted range is phrased in the disjunctive, a sentence imposing both county jail and community control is considered a departure sentence. See State v. Davis, 630 So.2d 1059 (Fla.1994). Thus, it was error for the trial court to impose the departure sentence without providing reasons for the departure. However, since the sentence in county jail was completed in 1993, there is no method for this court to alter that portion of Mr. White’s sentence.
We affirm the revocations of probation and the sentence in Count I. We reverse the sentences in Counts II and III and remand to the trial court to award credit for time previously served on probation.
Affirmed in part; reversed in part.
DANAHY, A.C.J., and ALTENBERND, J., concur.