PER CURIAM.
We have for review Eanes v. State, 19 Fla.L.Weekly D2254, 1994 WL 561849 (Fla. 1st DCA October 17, 1994), which the First District Court of Appeal certified as being in conflict with Roundtree v. State, 637 So.2d 325 (Fla. 4th DCA), approved, 644 So.2d 1358 (Fla.1994); Jost v. State, 631 So.2d 1131 (Fla. 5th DCA 1994); and Straughan v. State, 636 So.2d 845 (Fla. 5th DCA 1994). Eanes v. State, 648 So.2d 174 (Fla. 1st DCA 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently approved the Fourth District Court of Appeal’s decision in Roundtree. State v. Roundtree, 644 So.2d 1358 (Fla.1994). Accordingly, we quash the decision under review, as it is now in conflict with our decision in Roundtree, and remand for further proceedings consistent with Roundtree.[1] We approve Jost and Straughan to the extent they are in harmony with our decision in Roundtree.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

. We decline to address the State's argument that Eanes' probation was tolled each time an affidavit of violation was filed in this case because the issue was not addressed by the district court.