OPINION ON MANDATE

PER CURIAM.
We affirm the appellant’s conviction and vacate his sentence in accordance with the principles set forth in Waters v. State, 662 So.2d 332 (Fla.1995). In its opinion, the Supreme Court of Florida answered in the affirmative the following question certified to be of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION FOLLOWING COMPLETION OF COMMUNITY CONTROL, CREDIT TIME PREVIOUSLY SERVED ON PROBATION AND COMMUNITY CONTROL TO ANY NEWLY IMPOSED TERM OF IMPRISONMENT AND PROBATION FOR THE SAME OFFENSE, SO THAT THE TOTAL PERIOD OF COMMUNITY CONTROL, PROBATION, AND IMPRISONMENT ALREADY SERVED AND TO BE SERVED DOES NOT EXCEED THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
The case is remanded with directions for the trial court to credit the appellant properly for time previously served and to impose any legal sentence. § 948.06(1), Fla.Stat.; Eanes v. State, 662 So.2d 334 (Fla.1995); State v. Roundtree, 644 So.2d 1358 (Fla.1994); State v. Summers, 642 So.2d 742 (Fla.1994); Gardener v. State, 656 So.2d 933 (Fla. 1st DCA 1995); Bragg v. State, 644 So.2d 586 (Fla. 1st DCA 1994).
BARFIELD, MINER and MICKLE, JJ., concur.