CAMPBELL, Acting Chief Judge.
Appellant challenges the trial court order placing him on probation for one year following the revocation of a previous term of probation. We agree that the trial court erred in the sentence imposed and reverse and remand for correction.
Appellant was initially charged by information with the manufacture of marijuana, a third degree felony. He pled no contest to the lesser offense of possession of marijuana in exchange for six months probation. Appellant subsequently pled guilty to violating his probation and was sentenced to a new one year term of probation. The state concedes that the trial court erred in failing to give appellant credit for time served on his previous term of probation, thereby extending his total probation beyond the one year statutory maximum for a first degree misdemeanor. Accordingly, we reverse appellant’s sentence and remand with instructions that he be given credit for any time previously served on probation for the same offense pursuant to our holding in Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), aff'd, 642 So.2d 742 (Fla.1994).
We also find error in the trial court’s imposition of the condition that appel *963 lant not possess legally prescribed medication. A condition is invalid if it has no relation to the crime for which the defendant was convicted, relates to conduct that is not in itself criminal, and forbids conduct that is not reasonably related to future criminality. Biller v. State, 618 So.2d 734 (Fla.1993). This condition is clearly overbroad in that it would prohibit appellant from being treated by a physician for legitimate medical purposes. It is therefore stricken.
FRANK and PARKER, JJ., concur.